IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARK STEVENSON, <br> CAROL STEVENSON, <br> REAL ESTATE MANAGEMENT, INC., <br> EASTGATE APARTMENTS, LLC, AND <br> VILLA CAPRI APARTMENTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FAMILY MUTUAL <br> INSURANCE COMPANY, S.I., <br><br> Defendant. | CASE NO.: _____ |

## NOTICE OF REMOVAL

COMES NOW Defendant American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby removes the state action described below to the United States District Court for the Western District of Missouri, Central Division. As grounds for removal, American Family states the following:

1. Defendant American Family has been named as the defendant in a civil action brought against it in the Circuit Court of Boone County, Missouri, captioned *Mark Stevenson, Carol Stevenson, Real Estate Management, Inc., Eastgate Apartments, LLC, and Villa Capri Apartments, LLC v. American Family Mutual Insurance Company, S.I.,* Case No. 18BA-CV04753 filed on November 13, 2018.

2. The statutory agent of Defendant American Family, the Director of the Department of Insurance was served on November 21, 2018. The Registered Agent of Defendant American

Family, CSC Lawyers Incorporating Service Company, was served on November 27, 2018. Therefore, for purposes of removal, Defendant American Family was served on November 27, 2018. This Notice is filed with the Court within thirty (30) days after service on Defendant American Family.

3. Because this Notice of Removal is filed with the Court within thirty (30) days after service on Defendant American Family and because this action was commenced less than one year ago, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

4. Plaintiff Mark Stevenson is an individual residing in Boone County, Missouri and therefore a citizen of Missouri for purposes of diversity jurisdiction. (See, Plaintiffs' Petition at ¶1, Exhibit A.) Plaintiff Carol Stevenson is an individual residing in Boone County, Missouri and therefore a citizen of Missouri for purposes of diversity jurisdiction. (See, Plaintiffs' Petition at ¶2, Exhibit A.) Plaintiff Real Estate Management, Inc. is a Missouri corporation with a its principal place of business in Missouri and therefore is a citizen of Missouri for purposes of diversity jurisdiction. (See, Plaintiffs' Petition at ¶3, Exhibit A.) Plaintiff Eastgate Apartments, LLC is a Missouri limited liability company with its principal place of business in Missouri and is therefore a citizen of Missouri for purposes of diversity jurisdiction. (See, Plaintiffs' Petition at ¶4, Exhibit A.) Plaintiff Villa Capri Apartments, LLC is Missouri limited liability corporation with its principal place of business in Missouri and is therefore a citizen of Missouri for purposes of diversity jurisdiction. (See, Plaintiffs' Petition at ¶5, Exhibit A.) Therefore, each and every Plaintiff are citizens of Missouri for purposes of diversity jurisdiction.

5. American Family, the sole defendant in this lawsuit, is an insurance company organized and existing under the laws of the State of Wisconsin and has its principal place of

2

business in Wisconsin. (*See,* Plaintiffs' Petition at ¶6, Exhibit A.) Therefore, American Family is a citizen of the State of Wisconsin for purposes of diversity jurisdiction.

6. Complete diversity of citizenship exists because Plaintiffs Mark Stevenson, Carol Stevenson, Real Estate Management, Inc., Eastgate Apartments, LLC, and Villa Capri Apartments, LLC are citizens of a different state than the sole Defendant, American Family.

7. Upon information and belief, Defendant asserts that the allegations in controversy as pled in this action exceed $75,000, exclusive of interests and costs.

8. To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the Plaintiffs on all such claims. *See Raskas v. Johnson & Johnson,* 719 F.3d 884, 997 (8th Cir. 2013)(internal citation and quotation marks omitted) ("[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are."); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 755 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). In a notice of removal, the defendant need "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014).

9. In their Petition, Plaintiffs allege that they were sued by Damion Riley in a case captioned *Damion Riley, et al. v. Real Estate Management, Inc., et al.,* Case Number 13BA-CV03520 filed in the Circuit Court of Boone County, Missouri (hereinafter the "Underlying Case"). In their Petition, Plaintiffs further allege that at the time of the events complained of in the Underlying Case, Plaintiffs were insured by Defendant American Family under several

3

policies of liability insurance. Plaintiffs allege in their petition in that Defendant American Family was obligated to provide a defense and indemnity to Plaintiffs for the claims made against them in the Underlying Case and alleges that Defendant American Family did not do so. Plaintiffs further allege that they were forced to pay and retain counsel to defend the claims made against them in the Underlying Case and were further forced to pay and expend money to settle the claims made against them in the Underlying Case. The Plaintiffs further allege that they suffered emotional distress and mental suffering as a result of Defendant American Family's alleged failure to provide a defense and indemnity. In Count I of Plaintiffs' petition, Plaintiffs pray for judgment against Defendant American Family on Count I for such sums in excess of $25,000. Plaintiffs additionally pray for judgment against Defendant American Family on Count II in an amount in excess of $25,000 and Count II of Plaintiffs' petition also prays for punitive damages. (*See,* Plaintiffs' Petition at ¶ Counts I and II, Exhibit A.)

10. Based on the allegations of Plaintiffs' Petition, a fact finder could legally conclude that the amount in controversy exceeds $75,000.

11. Pursuant to 28 U.S.C. §§ 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states. As such, there is jurisdiction for the removal of this action from state court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. Defendant American Family is the only defendant named in Plaintiffs' Petition. Accordingly, consent to removal by other defendants is not necessary.

13. Pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a), venue for this action is proper in this Court. The State Court action is pending in the district and division embracing this Court.

4

Case 4:18-cv-01001-BP   Document 1   Filed 12/21/18   Page 4 of 6

14. In accordance with 28 U.S.C. §§ 1446(a), a copy of all process, pleadings, and orders served upon defendant have been attached as Exhibit B.

15. Pursuant to 28 U.S.C. §§ 1446(d), this Notice of Removal will be served upon all adverse parties and will be filed promptly in the State Court Action.

16. A copy of the Civil Cover Sheet is attached as Exhibit C.

17. By removing this matter, Defendant American Family does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections that it may have to this action. Defendant American Family intends no admission of facts, law or liability by this Notice, and expressly reserves all defenses and/or motions.

18. In the event that Plaintiffs file a request to remand, or the Court considers remand s*ua sponte,* Defendant American Family respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, Defendant American Family Mutual Insurance Company, S.I. hereby gives notice of the removal of this action from the Circuit Court of Boone County, Missouri, to the United States District Court for Western District of Missouri, Central Division.

Respectfully submitted,

**FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.**


*/s/ Wm. Clayton Crawford*
Wm. Clayton Crawford  #41619
Abbigale A. Gentle  #47879
1200 Main St., Suite 2200
Kansas City, Missouri  64105
Telephone:  (816) 427-7474
Facsimile:  (816) 472-6262
Email:  ccrawford@fwpclaw.com
           agentle@fwpclaw.com
**ATTORNEYS FOR DEFENDANT
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, S.I.**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2018, I electronically filed the foregoing with the Clerk of the District Court by using the CM/ECF/PACER system, which will send notice of electronic filing to counsel of record.   I further certify that on December 21, 2018, a copy of the foregoing was sent via electronic mail and placed in the U.S. mail, postage prepaid, to the following:

Kirk Rowan Presley
Matthew A. McCoy
Presley & Presley LLC
4801 Main Street, Suite 375
Kansas City, MO  64116
Phone:  (816) 931-4611
Fax:  (816) 931-4646
Email:  kirk@presleyandpresley.com
           matthew@presleyandpresley.com
**ATTORNEYS FOR PLAINTIFFS**


*/s/ Wm. Clayton Crawford*
**ATTORNEY FOR DEFENDANT
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, S.I.**

6